## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

TODD LOPEZ, AS PERSONAL
REPRESENTATIVE OF THE WRONGFUL
DEATH ESTATE OF JAMES MATHIS and
DEBORAH MATHIS, individually,

        Plaintiffs,

v.                          Case No. _____

UNITED PARCEL SERVICE OF AMERICA, INC.,
UPS GROUND FREIGHT, INC.,
ATRIX TRUCKING CORP, and
DARWIN CARDENAS-NUNEZ,

        Defendants.

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332(a), 1441(a) and (b), and 1446, and the Local Rules of the United States District Court for the District of New Mexico, Defendants, by and through undersigned counsel, hereby remove this matter from the First Judicial District Court of the State of New Mexico, Santa Fe County, to the United States District Court for the District of New Mexico. In support thereof, Defendants state as follows:

## PROCEDURAL HISTORY

1.     Plaintiff Todd Lopez, as Personal Representative of the Wrongful Death Estate of James Mathis, and Plaintiff Deborah Mathis, filed a civil action against UPS Ground Freight, Inc., and Darwin Cardenas-Nunez in the State of New Mexico, County of Santa Fe, First Judicial District Court, captioned *Todd Lopez, as Personal Representative of the Wrongful Death Estate of James Mathis, and Deborah Mathis, Individually, v. UPS Ground Freight, Inc., and Darwin Cardenas-Nunez*, Cause No. D-101-CV-2021-01048. *See* Compl., attached hereto as *Exhibit A*.

2.      Prior to service of the Complaint, Plaintiffs filed a First Amended Complaint, wherein they assert claims against United Parcel Service of America, Inc. ("UPS-OA"), UPS Ground Freight, Inc. ("UPS-GF"), Atrix Trucking Corp. ("Atrix"), and Darwin Cardenas-Nunez, captioned as *Todd Lopez, as Personal Representative of the Wrongful Death Estate of James Mathis, and Deborah Mathis, Individually, v. United Parcel Service of America, Inc., UPS Ground Freight, Inc, Atrix Trucking Corp., and Darwin Cardenas-Nunez. See* Am. Compl., attached hereto as *Exhibit B*.

3.      Service of the Amended Complaint was accepted by Cardenas-Nunez on June 9, 2021. *See* Certificate of Service filed June 25, 2021, *Exhibit C*.

4.      UPS-OA was served with the First Amended Complaint on June 1, 2021. *See* Certificate of Service filed June 25, 2021, attached as *Exhibit D*.

5.      UPS-GF, n/k/a TForce Freight, Inc. ("TForce Freight"), was served with the First Amended Complaint on June 1, 2021. *See* Certificate of Service filed June 25, 2021, attached as *Exhibit E.* TForce Freight is not a proper party to this matter because, on January 24, 2021, UPS-OA sold the business of UPS-GF, except for certain assets and liabilities, to non-party TForce Holdings, Inc. ("TForce Holdings"); the liability, if any, arising from this matter was excluded from that sale and retained by OPS-OA. TForce Holdings, the owner of the business formerly known as UPS-GFI, has now changed the name of UPS-GFI to TForce Freight.

6.      Atrix received a copy of the First Amended Complaint on June 9, 2021 and was formally served by a process server on June 22, 2021, attached as *Exhibit F.*

7.      This Notice of Removal is filed in accordance with 28 U.S.C. §§1441(b) and 1446.

## TIMELINESS OF REMOVAL

8.     This Notice of Removal is filed within 30 days of receipt by Defendants of service of process upon them.

9.     Therefore, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b). Moreover, this matter has been pending for less than one year.

## BASIS FOR REMOVAL

11.     Removal of this matter is proper under 28 U.S.C. §1441 and 28 U.S.C. §1332, because complete diversity of citizenship exists between Plaintiffs and Defendants, and, based upon express assertions in the Amended Complaint, the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of costs and interest.

### Diversity of Citizenship

12.     For diversity purposes, a person is a "citizen" of the state in which he is domiciled." *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Residence is prima facie evidence of domicile. *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994).

13.     Plaintiff Todd Lopez is a resident of Santa Fe, Santa Fe County, New Mexico. Accordingly, he is a citizen of New Mexico. *See Exhibit B* at ¶2.

14.     Plaintiff Deborah Mathis is domiciled in and a citizen of Oklahoma. *Id.* at ¶1.

15.     UPS-OA is incorporated in Delaware, with its principal place of business in Atlanta, Georgia. Accordingly, UPS-OA could be considered a citizen of Delaware or Georgia. For purposes of removal jurisdiction, UPS-OA is not a citizen of New Mexico.

16.     TForce Freight is incorporated in Virginia, with its principal place of business in Richmond, Virginia. Accordingly, TForce Freight is a citizen of Virginia. For purposes of removal jurisdiction, TForce Freight is not a citizen of New Mexico.

17.     Atrix is incorporated in Florida with its principal place of business in Maitland, Florida. Accordingly, Atrix is a citizen of Florida. For purposes of removal jurisdiction, Defendant Atrix is not a citizen of New Mexico.

18.     Darwin Cardenas-Nunez is domiciled in and a citizen of Florida.

19.     Based upon the foregoing, fand or purposes of removal jurisdiction, complete diversity exists between Plaintiffs and Defendants.

**Amount in Controversy**

20.     Under 28 U.S.C. §1441(a), "the amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal." *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001). The Tenth Circuit has clarified this standard by stating that the removing defendant "must affirmatively establish jurisdiction by proving jurisdictional *facts* that made it *possible* that $75,000 was in play. . . [i]t is only the jurisdictional facts that must be proven by a preponderance – not the legal conclusion that the statutory threshold amount is in controversy." *McPhail*, 529 F.3d at 955 (emphasis in original). The Tenth Circuit has noted, however, that a plaintiff cannot avoid removal merely by not alleging the jurisdictional amount, as such a practice/policy would frustrate the purpose of diversity jurisdiction, "which is, after all, to protect the out-of-state Defendant." *McPhail*, 529 F.3d at 955.

21.     To determine whether the amount in controversy requirement is met, a court may aggregate actual damages, punitive damages, attorney's fees and statutorily imposed penalties, if any, but not interest or costs. *Trujillo v. Reynolds*, No. CIV 07-1077 JB/RLP, 2008 WL 2323521, *3 (Jan. 17, 2008).

22.     A removing defendant may satisfy its burden by proving jurisdictional facts that make it possible that more than $75,000 is at issue by "rely[ing] on an estimate of the potential

damages from the allegations in the complaint." *Id.* In doing this, the defendant may specify the numerical value of the damage or may not and just allege that the amount in controversy exceeds $75,000 by setting out the specific factual allegations supporting that conclusion. *Id.* at 956 (citing *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999); *see also Hanna v. Miller*, 163 F.Supp.2d 1302, 1306 (D.N.M. 2001) (stating that courts may consider the substance and nature of the injuries and damages described in the pleadings and finding significant value in plaintiff's claims where complaint alleged "severe injuries" and "permanent impairment").

23.     Here, there is no dispute. In the Amended Complaint, Plaintiff Deborah Mathis expressly seeks damages in excess of $75,000, including compensatory damages for past and future medical expenses, past and future physical pain and suffering, past and future mental pain and suffering, permanent impairment, loss of enjoyment of life, punitive damages, loss of consortium, and "[o]ther damages to be more fully set forth after discovery is completed." *See Exhibit B*, at ¶ 21. Further, Plaintiff Todd Lopez, for and on behalf the Estate of James Mathis, seeks additional damages for the "negligence, recklessness and willful and wonton conduct of Defendants," including "the value of James Mathis's life"; his post-accident mental pain and suffering; his post-accident physical pain and suffering; the value of his lost household services; punitive damages; and "[o]ther damages to be more fully set forth after discovery is completed." *See Exhibit B*, at ¶ 22.

24.     According to the plain language of Plaintiffs' Amended Complaint, the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

25.     Thus, pursuant to 28 U.S.C. § 1332(a), this Court has jurisdiction over this matter, because the parties hereto are citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

## NOTICE OF ADVERSE PARTY AND STATE COURT

25.     Defendants, upon filing this Notice of Removal, are filing a copy of this Notice of

Removal with the District Clerk of the First Judicial District Court in the State of New Mexico,

Santa Fe County, in accordance with 28 U.S.C. §1446(d). A copy of the Notice of Filing of Notice

of Removal is attached as *Exhibit G.*

26.     Pursuant to by 28 U.S.C. §1446(d), written notice of removal is being served on

counsel of record.

## FILINGS FROM STATE COURT DOCKET

27.     Pursuant to D.N.M. LR-CIV 81.1(a) of the Local Civil Rules of the United States

District Court for the District of New Mexico, legible copies of records and proceedings from the

state court action are being filed herewith.

28.     Defendants do not waive any and all defenses they have or may have to Plaintiffs'

Amended Complaint, including, without limitation, insufficiency of process, insufficiency of

service of process, lack of jurisdiction and failure to join necessary and indispensable parties.

WHEREFORE, Defendants respectfully request this matter be entered upon the docket of

the United States District Court for the District of New Mexico, pursuant to 28 U.S.C. §§ 1441

and 1446.

Respectfully Submitted,

BUTT THORNTON & BAEHR PC

*/s/ Monica R. Garcia*
Monica R. Garcia
P.O. Box 3170
Albuquerque, New Mexico 87190
Telephone: (505) 884-0777
Facsimile: (505) 889-8870
mrgarcia@btblaw.com
*Attorneys for Defendants*

I HEREBY CERTIFY that on the 29th day of
June, 2021, I filed the foregoing electronically
through the CM/ECF filing system, which caused the
following parties or counsel to be served by
electronic means, as more fully reflected on the
Notice of Electronic Filing:

David Fadduol - david@df-lawfirm.com
Michael Carr - mcarr@carrcarr.com
*Attorneys for Plaintiffs*

*/s/ Monica R. Garcia*
Monica R. Garcia

FILED 1st JUDICIAL DISTRICT COURT
Santa Fe County
5/5/2021 4:00 PM
KATHLEEN VIGIL CLERK OF THE COURT
Faith Griego

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT

TODD LOPEZ, AS PERSONAL
REPRESENTATIVE OF THE WRONGFUL
DEATH ESTATE OF JAMES MATHIS and
DEBORAH MATHIS, individually,

        Plaintiffs,

        Case assigned to Ellenwood, Kathleen McGarry

vs.                        No. D-101-CV-2021-01048

UPS GROUND FREIGHT, INC. and
DARWIN CARDENAS-NUNEZ,

        Defendants.

## PLAINTIFFS' COMPLAINT

COME NOW the Plaintiffs, by and through their attorneys of record, Law Office of David Fadduol, LLC (David Fadduol) and Carr and Carr (Michael Carr), and for their causes of action against the Defendants UPS Ground Freight, Inc. and Darwin Cardenas-Nunez, state as follows:

### PARTIES, JURISDICTION, AND VENUE

1.      Deborah Mathis is domiciled in and a citizen of the State of Oklahoma.

2.      Todd Lopez, as Personal Representative of the Estate of James Mathis, is a resident of Santa Fe, Santa Fe County, New Mexico.

3.      UPS Ground Freight, Inc. (UPS) is a foreign for-profit corporation that has its principal place of business in the State of Virginia and is incorporated in the State of Virginia. UPS may be served through its registered agent: Corporation Service Company, MC-CSC1, 726 E. Michigan Dr., Ste. 101, Hobbs, NM 88240.

1



4. Darwin Cardenas-Nunez (Cardenas-Nunez) is domiciled in and a citizen of the State of Florida.

5. This Court has jurisdiction over this matter because the events and occurrences giving rise to this action occurred in the State of New Mexico.

6. Venue is proper in Santa Fe County, New Mexico as it is the county in which the Person Representative resides. NMSA 1978, § 38-3-1.

## FACTS

7. This case arises out of an automobile collision that occurred on December 2, 2020, in the State of New Mexico and County of Cibola.

8. On said date, Cardenas-Nunez was driving a UPS semi-truck in the course and scope of his employment with UPS.

9. Cardenas-Nunez was driving east on Interstate 40 on snow packed icy roads with limited visibility.

10. James Mathis and Deborah Mathis were travelling in front of Cardenas-Nunez.

11. A vehicle attempted to merge in front of the Mathis vehicle causing James Mathis to slow his vehicle down. Cardenas-Nunez did not slow or stop his vehicle in time to avoid colliding with the Mathis vehicle. Consequently, Cardenas-Nunez struck the rear of the Mathis vehicle, causing the Mathis vehicle to depart the roadway and flip until it eventually came to rest upside down.

12. The collision caused the death of James Mathis and also caused Deborah Mathis to sustain serious injuries.

2

## LIABILITY

13.     Cardenas-Nunez caused the collision by his negligence, recklessness, and willful

and wanton conduct as follows:

> a.  He violated 49 CFR 392.14 by operating the semi-truck in dangerous weather
>     conditions and by failing to exercise extreme caution;
>
> b.  He failed to keep a safe distance between his vehicle and the Mathis vehicle;
>
> c.  He was travelling too fast for the conditions;
>
> d.  He failed to adequately maintain and inspect the vehicle he was driving;
>
> e.  He violated various city ordinances and Statutes of the State of New Mexico,
>     such as:
>
>     > i.   New Mexico Statute Annotated Section 66-8-113 in that he drove the
>     >      semi-truck carelessly and heedlessly in willful or wanton disregard of
>     >      the rights or safety of others and without due caution and circumspection
>     >      and at a speed or in a matter so as to endanger or be likely to endanger
>     >      any person or property. Plaintiffs belong to the class of persons to which
>     >      this statute was meant to protect and the harm and/or injury incurred is
>     >      generally of the type this ordinance seeks to prevent.
>     >
>     > ii.  New Mexico Statute Annotated Section 66-8-114 in that he drove the
>     >      semi-truck without giving his full time and entire attention to the
>     >      operation of the vehicle. Plaintiffs belong to the class of persons to
>     >      which this statute was meant to protect and the harm and/or injury
>     >      incurred is generally of the type this ordinance seeks to prevent.

14.     UPS was negligent, reckless and acted with willful and wanton conduct by

entrusting Cardenas-Nunez with the use of its vehicle when it knew or should have known that

Cardenas-Nunez was not safe to drive the semi-truck, was not competent or fit to drive the semi-

truck, had a propensity for negligent driving, driving while distracted and/or was not sufficiently

trained to drive the semi-truck safely, and entrusted him with driving a semi-truck that was not

adequately equipped, inspected and/or maintained.

3

15.     UPS was negligent per se in allowing Cardenas-Nunez to drive the vehicle without being qualified and/or trained to safely operate the vehicle, as prohibited by 49 CFR 391.11, and by failing to have the knowledge of and not complying with all FMCSRs, as required by FMCSR § 390.3, and § 390.11, *see also* FMCSR § 383.110 and § 383.111.

16. UPS was negligent, reckless and acted with willful and wanton conduct by:

   a.  Failing to adequately train Cardenas-Nunez;

   b.  Failing to adequately supervise Cardenas-Nunez;

   c.  Failing in choosing to retain Cardenas-Nunez as an employee.

17.     UPS is liable to the Plaintiffs by virtue of *respondeat superior* due to the acts and omissions of its employee/agent, Cardenas-Nunez.

18.     Each of the above acts and/or omissions were singularly and/or cumulatively a proximate cause of the incident and the resulting injuries and damages suffered by the Plaintiffs.

## DAMAGES

19.     As a result of the negligence, recklessness and willful and wanton conduct of the Defendants, Plaintiff Deborah Mathis individually seeks damages in excess of $75,000.00 as follows:

   a.  Past medical expenses;

   b.  Future medical expenses;

   c.  Past physical pain and suffering;

   d.  Future physical pain and suffering;

   e.  Past mental pain and suffering;

   f.  Future mental pain and suffering;

   g.  Permanent impairment;

4

      h.  Loss of enjoyment of life;

      i.  Punitive damages;

      j.  Loss of consortium;

      k.  Other damages to be more fully set forth after discovery is completed.

20.    As a result of the negligence, recklessness and willful and wanton conduct of the

Defendants, Todd Lopez as personal representative of the Estate of James Mathis seeks damages

as follows:

      a.  The mental pain and suffering suffered by James Mathis between the time of
          the collision and the time of his death;

      b.  The physical pain and suffering suffered by James Mathis between the time of
          the collision and the time of his death;

      c.  The value of James Mathis's life;

      d.  The value of the lost household services;

      e.  Punitive damages;

      f.  Other damages to more fully set forth after discovery is completed.

21.    The Defendants' acts and/or omissions described herein were done with

recklessness and willful and wanton conduct, justifying an award of punitive damages.

22.    A corporation may be held liable for punitive damages for the misconduct of its

employees and/or agents. The actions of Defendant UPS's employees and/or agents, taken as a

whole, showed that UPS was malicious, willful, reckless, or wanton, justifying an award of

punitive damages.

23.    Cardenas-Nunez was acting within the scope of his employment with UPS and had

sufficient discretionary or policy-making authority to speak and act for UPS with regard to the

conduct at issue, independent of higher authority.

24.    UPS authorized, participated in or ratified the conduct of Cardenas-Nunez giving rise to punitive damages.

25.    A corporation may be held liable for punitive damages for the misconduct of its employees and/or agents.  The actions of Cardenas-Nunez, taken as a whole, showed that his actions amounted to negligence, recklessness and willful and wanton conduct, justifying an award of punitive damages.

WHEREFORE, the Plaintiffs pray for judgment against the Defendants for the injuries and damages set forth above, costs of suit herein incurred, interest and such other and further relief as the Court deems just and equitable.

Respectfully submitted,

**Law Office of David Fadduol, LLC**

*/s/ David Fadduol*
David Fadduol
PO Box 90787
Albuquerque, NM 87199
(505) 355-1316
(505) 355-1945 fax
david@df-lawfirm.com

and

**Carr and Carr**

*/s/ Michael Carr*
Michael Carr
4416 S. Harvard Ave.
Tulsa, OK 74135
918-747-1000 (phone)
918-747-7284 (fax)
mcarr@carrcarr.com

***Attorneys for Plaintiffs***

FILED 1st JUDICIAL DISTRICT COURT
Santa Fe County
5/20/2021 2:24 PM
KATHLEEN VIGIL CLERK OF THE COURT
Tamara Snee

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT

TODD LOPEZ, AS PERSONAL
REPRESENTATIVE OF THE WRONGFUL
DEATH ESTATE OF JAMES MATHIS and
DEBORAH MATHIS, individually,

      Plaintiffs,

vs.                              No. D-101-CV-2021-01048

UNITED PARCEL SERVICE OF AMERICA, INC.,
UPS GROUND FREIGHT, INC.,
ATRIX TRUCKING CORP. and
DARWIN CARDENAS-NUNEZ,

      Defendants.

## PLAINTIFFS' AMENDED COMPLAINT

COME NOW the Plaintiffs, by and through their attorneys of record, Law Office of David Fadduol, LLC (David Fadduol) and Carr and Carr (Michael Carr), and for their causes of action against the Defendants United Parcel Service of America, Inc., UPS Ground Freight, Inc., Atrix Trucking Corp. and Darwin Cardenas-Nunez, state as follows:

## PARTIES, JURISDICTION, AND VENUE

1.     Deborah Mathis is domiciled in and a citizen of the State of Oklahoma.

2.     Todd Lopez, as Personal Representative of the Estate of James Mathis, is a resident of Santa Fe, Santa Fe County, New Mexico.

3.     United Parcel Service of America, Inc. (UPSA) is a foreign for-profit corporation that has its principal place of business in the State of Georgia and is incorporated in the State of

1



Delaware. UPSA may be served through its registered agent: CSC of Cobb County, Inc., 192 Anderson Street SE, Suite 125, Marietta, Georgia, 30060.

4.      UPS Ground Freight, Inc. (UPSGF) is a foreign for-profit corporation that has its principal place of business in the State of Virginia and is incorporated in the State of Virginia. UPS may be served through its registered agent: Corporation Service Company, MC-CSC1, 726 E. Michigan Dr., Ste. 101, Hobbs, NM 88240.

5.      Atrix Trucking Corp. (Atrix) is a foreign for-profit corporation that has its principal place of business in the State of Florida and is incorporated in the State of Florida. Atrix can be served through its registered agent: Charles E. Joseph, 130 Birchwood Drive. Maitland, FL 32751.

6.      Darwin Cardenas-Nunez (Cardenas-Nunez) is domiciled in and a citizen of the State of Florida.

7.      This Court has jurisdiction over this matter because the events and occurrences giving rise to this action occurred in the State of New Mexico.

8.      Venue is proper in Santa Fe County, New Mexico as it is the county in which the Person Representative resides. NMSA 1978, § 38-3-1.

### FACTS

9.      This case arises out of an automobile collision that occurred on December 2, 2020, in the State of New Mexico and County of Cibola.

10.     On said date, Cardenas-Nunez was driving a UPSA, UPSGF and/or Atrix semi-truck in the course and scope of his employment and/or agency with UPSA, UPSGF and/or Atrix.

2

11.    Cardenas-Nunez was driving east on Interstate 40 on snow packed icy roads with limited visibility.

12.    James Mathis and Deborah Mathis were travelling in front of Cardenas-Nunez.

13.    A vehicle attempted to merge in front of the Mathis vehicle causing James Mathis to slow his vehicle down.  Cardenas-Nunez did not slow or stop his vehicle in time to avoid colliding with the Mathis vehicle.  Consequently, Cardenas-Nunez struck the rear of the Mathis vehicle, causing the Mathis vehicle to depart the roadway and flip until it eventually came to rest upside down.

14.    The collision caused the death of James Mathis and also caused Deborah Mathis to sustain serious injuries.

### LIABILITY

15.    Cardenas-Nunez caused the collision by his negligence, recklessness, and willful and wanton conduct as follows:

> a.  He violated 49 CFR 392.14 by operating the semi-truck in dangerous weather conditions and by failing to exercise extreme caution;
>
> b.  He failed to keep a safe distance between his vehicle and the Mathis vehicle;
>
> c.  He was travelling too fast for the conditions;
>
> d.  He failed to adequately maintain and inspect the vehicle he was driving;
>
> e.  He violated various city ordinances and Statutes of the State of New Mexico, such as:
>
>> i.  New Mexico Statute Annotated Section 66-8-113 in that he drove the semi-truck carelessly and heedlessly in willful or wanton disregard of the rights or safety of others and without due caution and circumspection and at a speed or in a matter so as to endanger or be likely to endanger any person or property.  Plaintiffs belong to the class of persons to which this statute was meant to protect and the harm and/or injury incurred is generally of the type this ordinance seeks to prevent.

3

        ii. New Mexico Statute Annotated Section 66-8-114 in that he drove the semi-truck without giving his full time and entire attention to the operation of the vehicle. Plaintiffs belong to the class of persons to which this statute was meant to protect and the harm and/or injury incurred is generally of the type this ordinance seeks to prevent.

16.    UPSA, UPSGF and/or Atrix was negligent, reckless and acted with willful and wanton conduct by entrusting Cardenas-Nunez with the use of its vehicle when it knew or should have known that Cardenas-Nunez was not safe to drive the semi-truck, was not competent or fit to drive the semi-truck, had a propensity for negligent driving, driving while distracted and/or was not sufficiently trained to drive the semi-truck safely, and entrusted him with driving a semi-truck that was not adequately equipped, inspected and/or maintained.

17.    UPSA, UPSGF and/or Atrix was negligent per se in allowing Cardenas-Nunez to drive the vehicle without being qualified and/or trained to safely operate the vehicle, as prohibited by 49 CFR 391.11, and by failing to have the knowledge of and not complying with all FMCSRs, as required by FMCSR § 390.3, and § 390.11, *see also* FMCSR § 383.110 and § 383.111.

18. UPSA, UPSGF and/or Atrix was negligent, reckless and acted with willful and wanton conduct by:

    a.  Failing to adequately train Cardenas-Nunez;

    b.  Failing to adequately supervise Cardenas-Nunez;

    c.  Failing in choosing to retain Cardenas-Nunez as an employee.

19.    UPSA, UPSGF and/or Atrix is liable to the Plaintiffs by virtue of *respondeat superior* due to the acts and omissions of its employee/agent, Cardenas-Nunez.

20.    Each of the above acts and/or omissions were singularly and/or cumulatively a proximate cause of the incident and the resulting injuries and damages suffered by the Plaintiffs.

## DAMAGES

21.     As a result of the negligence, recklessness and willful and wanton conduct of the Defendants, Plaintiff Deborah Mathis individually seeks damages in excess of $75,000.00 as follows:

      a.  Past medical expenses;

      b.  Future medical expenses;

      c.  Past physical pain and suffering;

      d.  Future physical pain and suffering;

      e.  Past mental pain and suffering;

      f.  Future mental pain and suffering;

      g.  Permanent impairment;

      h.  Loss of enjoyment of life;

      i.  Punitive damages;

      j.  Loss of consortium;

      k.  Other damages to be more fully set forth after discovery is completed.

22.     As a result of the negligence, recklessness and willful and wanton conduct of the Defendants, Todd Lopez as personal representative of the Estate of James Mathis seeks damages as follows:

      a.  The mental pain and suffering suffered by James Mathis between the time of the collision and the time of his death;

      b.  The physical pain and suffering suffered by James Mathis between the time of the collision and the time of his death;

      c.  The value of James Mathis's life;

      d.  The value of the lost household services;

e. Punitive damages;

f. Other damages to more fully set forth after discovery is completed.

23. The Defendants' acts and/or omissions described herein were done with recklessness and willful and wanton conduct, justifying an award of punitive damages.

24. A corporation may be held liable for punitive damages for the misconduct of its employees and/or agents. The actions of Defendants UPSA, UPSGF and/or Atrix's employees and/or agents, taken as a whole, showed that UPSA, UPSGF and/or Atrix was malicious, willful, reckless, or wanton, justifying an award of punitive damages.

25. Cardenas-Nunez was acting within the scope of his employment and/or agency with UPSA, UPSGF and/or Atrix and had sufficient discretionary or policy-making authority to speak and act for UPSA, UPSGF and/or Atrix with regard to the conduct at issue, independent of higher authority.

26. UPSA, UPSGF and/or Atrix authorized, participated in or ratified the conduct of Cardenas-Nunez giving rise to punitive damages.

27. A corporation may be held liable for punitive damages for the misconduct of its employees and/or agents. The actions of Cardenas-Nunez, taken as a whole, showed that his actions amounted to negligence, recklessness and willful and wanton conduct, justifying an award of punitive damages.

WHEREFORE, the Plaintiffs pray for judgment against the Defendants for the injuries and damages set forth above, costs of suit herein incurred, interest and such other and further relief as the Court deems just and equitable.

6

Respectfully submitted,

**Law Office of David Fadduol, LLC**

*/s/ David Fadduol*
David Fadduol
PO Box 90787
Albuquerque, NM 87199
(505) 355-1316
(505) 355-1945 fax
david@df-lawfirm.com

and

**Carr and Carr**

*/s/ Michael Carr*
Michael Carr
4416 S. Harvard Ave.
Tulsa, OK 74135
918-747-1000 (phone)
918-747-7284 (fax)
mcarr@carrcarr.com

*Attorneys for Plaintiffs*

FILED 1st JUDICIAL DISTRICT COURT
Santa Fe County
6/25/2021 7:58 AM
KATHLEEN VIGIL CLERK OF THE COURT
Edith Suarez-Munoz

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT

TODD LOPEZ, AS PERSONAL
REPRESENTATIVE OF THE WRONGFUL
DEATH ESTATE OF JAMES MATHIS and
DEBORAH MATHIS, individually,

        Plaintiffs,

vs.                                 No. D-101-CV-2021-01048

UNITED PARCEL SERVICE OF AMERICA, INC.,
UPS GROUND FREIGHT, INC.,
ATRIX TRUCKING CORP. and
DARWIN CARDENAS-NUNEZ,

Defendants.

## CERTIFICATE OF SERVICE

        THIS IS TO CERTIFY that a copy of the Summons, Complaint, Jury Demand, Affidavit of

Nonadmitted Lawyer, Petition to Appoint Personal Representative, Order Appointing Personal

Representative, and Amended Complaint were served upon Defendant Darwin Cardenas-Nunez by

serving his counsel, Butt, Thorton & Baehr, P.C. (Monica R. Garcia) on June 9, 2021.

                                 Respectfully submitted,

                                 **Law Office of David Fadduol, LLC**

                                 */s/ David Fadduol*
                                 David Fadduol
                                 500 Tijeras Ave. NW
                                 Albuquerque, NM 87102
                                 (505) 355-1316
                                 (505) 355-1945 fax
                                 david@df-lawfirm.com

                                 and


EXHIBIT
C

**Carr and Carr**

Michael Carr
4416 S. Harvard Ave.
Tulsa, OK 74135
918-747-1000 (phone)
918-747-7284 (fax)
mcarr@carrcarr.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on June 25, 2021, I filed the foregoing electronically through the Odyssey system, which caused all parties and counsel of record to be served by electronic means.

*/s/ David Fadduol*
David Fadduol

FILED 1st JUDICIAL DISTRICT COURT
Santa Fe County
6/25/2021 7:58 AM
KATHLEEN VIGIL CLERK OF THE COURT
Edith Suarez-Munoz

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT

TODD LOPEZ, AS PERSONAL
REPRESENTATIVE OF THE WRONGFUL
DEATH ESTATE OF JAMES MATHIS and
DEBORAH MATHIS, individually,

       Plaintiffs,

vs.                          No. D-101-CV-2021-01048

UNITED PARCEL SERVICE OF AMERICA, INC.,
UPS GROUND FREIGHT, INC.,
ATRIX TRUCKING CORP. and
DARWIN CARDENAS-NUNEZ,

Defendants.

### CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that a copy of the Summons, Complaint, Jury Demand, Affidavit of

Nonadmitted Lawyer, Petition to Appoint Personal Representative, Order Appointing Personal

Representative, and Amended Complaint were served upon Defendant United Parcel Service of

America, Inc. by certified mail. Attached as Exhibit 1 is the completed United States Postal Service

Certified Mail Return Receipt Card.

                        Respectfully submitted,

                        **Law Office of David Fadduol, LLC**

                        */s/ David Fadduol*
                        David Fadduol
                        500 Tijeras Ave. NW
                        Albuquerque, NM 87102
                        (505) 355-1316
                        (505) 355-1945 fax
                        david@df-lawfirm.com

                        and

**EXHIBIT**

D

**Carr and Carr**

Michael Carr
4416 S. Harvard Ave.
Tulsa, OK 74135
918-747-1000 (phone)
918-747-7284 (fax)
mcarr@carrcarr.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on June 25, 2021, I filed the foregoing electronically through the Odyssey system, which caused all parties and counsel of record to be served by electronic means.

*/s/ David Fadduol*
David Fadduol



**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

CSC of Cobb County, Inc.
192 Anderson St. SE
Suite 125
Marietta, Georgia 30060

9590 9402 6622 1028 6109 01

2. Article Number (Transfer from service label)

7021 0350 0000 8540 7422

PS Form 3811, July 2020 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X J. Thompson   ☐ Agent
                ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
J. Thompson                      6-1-21

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

**EXHIBIT 1**

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ ... d Mail
☐ ... d Mail Restricted Delivery
   ... 500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt



First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

USPS TRACKING™

9590 9402 6422 1028 6109 01

United States
Postal Service

• Sender: Please print your name, address, and ZIP+4® in this box•

David Falbel
500 Tijeras Av. NW
Albuquerque, NM 87102

FILED 1st JUDICIAL DISTRICT COURT
Santa Fe County
6/25/2021 7:58 AM
KATHLEEN VIGIL CLERK OF THE COURT
Edith Suarez-Munoz

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT

TODD LOPEZ, AS PERSONAL
REPRESENTATIVE OF THE WRONGFUL
DEATH ESTATE OF JAMES MATHIS and
DEBORAH MATHIS, individually,

       Plaintiffs,

vs.                                    No. D-101-CV-2021-01048

UNITED PARCEL SERVICE OF AMERICA, INC.,
UPS GROUND FREIGHT, INC.,
ATRIX TRUCKING CORP. and
DARWIN CARDENAS-NUNEZ,

Defendants.

## CERTIFICATE OF SERVICE

      THIS IS TO CERTIFY that a copy of the Summons, Complaint, Jury Demand, Affidavit of

Nonadmitted Lawyer, Petition to Appoint Personal Representative, Order Appointing Personal

Representative, and Amended Complaint were served upon Defendant UPS Ground Freight, Inc.

by certified mail. Attached as Exhibit 1 is the completed United States Postal Service Certified Mail

Return Receipt Card.

                        Respectfully submitted,

                        **Law Office of David Fadduol, LLC**

                        */s/ David Fadduol*
                        David Fadduol
                        500 Tijeras Ave. NW
                        Albuquerque, NM 87102
                        (505) 355-1316
                        (505) 355-1945 fax
                        david@df-lawfirm.com

                        and



EXHIBIT

E

**Carr and Carr**

Michael Carr
4416 S. Harvard Ave.
Tulsa, OK 74135
918-747-1000 (phone)
918-747-7284 (fax)
mcarr@carrcarr.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on June 25, 2021, I filed the foregoing electronically through the Odyssey
system, which caused all parties and counsel of record to be served by electronic means.

*/s/ David Fadduol*
David Fadduol

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Corporation Service Corp.
RC - CSCL
926 E. Michigan Ct.
Suite 101
Hobbs, NM 88240

9590 9402 6622 1028 6109 49

2. Article Number (Transfer from service label)

7021 0350 0000 8540 7453

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X [signature]                          ☐ Agent
                                       ☐ Addressee

B. Received by (Printed Name)          C. Date of Delivery
                                       6/1/21

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

**EXHIBIT 1**

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053                Domestic Return Receipt



First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

USPS TRACKING #

9590 9402 2599 1028 6309 49

United States
Postal Service

• Sender: Please print your name, address, and ZIP+4® in this box•

David Fallon
500 Tijeras Ave. NW
Albuquerque, NM 87102

FILED  1st JUDICIAL DISTRICT COURT
Santa Fe County
6/25/2021 10:53 AM
KATHLEEN VIGIL CLERK OF THE COURT
Edith Suarez-Munoz

STATE OF NEW MEXICO, COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT

TODD LOPEZ, AS PERSONAL REPRESENTATIVE OF
THE WRONGFUL DEATH ESTATE OF JAMES
MATHIS and DEBORAH MATHIS, individually,

    *Plaintiff(s) / Petitioner(s)*

v.                                   Case No.: D-101-CV-2021-01048

UNITED PARCEL SERVICE OF AMERICA, INC., UPS
GROUND FREIGHT, INC., ATRIX TRUCKING CORP.
and DARWIN CARDENAS-NUNEZ,

    *Defendant(s) / Respondent(s)*

## AFFIDAVIT OF SERVICE

I, Treasure Holmes, being duly sworn, state:

I am 18 years or older and not a party to this action or a member of a corporation or organization that
is a party to this action.

I served the following documents on Atrix Trucking Corp. in Seminole County, FL on June 22, 2021
at 10:34 am at 130 Birchwood Dr., Maitland, FL 32751 by leaving the following documents with
Charles Joseph who as Servee at Atrix Trucking Corp is authorized by appointment or by law to
receive service of process for Atrix Trucking Corp..

SUMMONS; PLAINTIFFS' AMENDED COMPLAINT; DEMAND FOR TRIAL BY JURY;
PLAINTIFFS' COMPLAINT; ORDER APPOINTING PERSONAL REPRESENTATIVE FOR
JAMES MATHIS, DECEASED, IN ACCORDANCE WITH NMSA 1978 § 41-2-1 ET SEQ.;
PETITION TO APPOINT PERSONAL REPRESENTATIVE TO PURSUE WRONGFUL DEATH
CLAIM IN ACCORDANCE WITH NMSA 1978 § 41-2-1 et seq.; AFFIDAVIT OF NON-
ADMITTED LAWYER.

Additional Description:
Mr. Joseph said that he was aware of the documents and accepted the service.

White Male, est. age 50, glasses: N, Black hair, 200 lbs to 220 lbs, 5' 6" to 5' 9",
Geolocation of Serve: http://maps.google.com/maps?q=28.6408831973,-81.3519770506
Photograph: See Exhibit 1

EXHIBIT

F

*[signature]*

Signature
Treasure Holmes
(321) 278-5286

Subscribed and sworn to before me this 26th day of June , 2021 , by

Treasure  Holmes .

Witness my hand and official seal.

My commission expires: _____

*[signature]*

Notary Public

Elizabeth Garcia
NOTARY PUBLIC
STATE OF FLORIDA
Comm# GG965794
Expires 3/4/2024

# Exhibit 1

Exhibit 1a)



STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT COURT

TODD LOPEZ, AS PERSONAL
REPRESENTATIVE OF THE WRONGFUL
DEATH ESTATE OF JAMES MATHIS and
DEBORAH MATHIS, individually,

      Plaintiff,

v.                     Case No. D-101-CV-2021-01048

UNITED PARCEL SERVICE OF AMERICA, INC.,
UPS GROUND FREIGHT, INC.,
ATRIX TRUCKING CORP, and
DARWIN CARDENAS-NUNEZ,

      Defendants.

### NOTICE OF FILING OF NOTICE OF REMOVAL

**TO THE DISTRICT COURT CLERK:**

    **PLEASE TAKE NOTICE** that on June 29, 2021, Defendants, by their attorneys Butt

Thornton & Baehr PC, noticed removal of the above-captioned case to the United States District

Court for the District of New Mexico by filing a Notice of Removal in that Court. A copy of the

Notice of Removal is attached hereto.  Accordingly, and pursuant to 28 U.S.C. § 1446(d), this

Court may proceed no further unless and until the case is remanded.

                    Respectfully Submitted,

                    BUTT THORNTON & BAEHR PC

                    */s/ Monica R. Garcia*
                    Monica R. Garcia
                    P.O. Box 3170
                    Albuquerque, New Mexico 87190
                    Telephone:  (505) 884-0777
                    Facsimile: (505) 889-8870
                    mrgarcia@btblaw.com
                    *Attorneys for Defendants*



EXHIBIT

G

I HEREBY CERTIFY that on the 29th day of
June, 2021, I filed the foregoing electronically
through the electronic filing system, which caused the
following parties or counsel to be served by
electronic means, as more fully reflected on the
Notice of Electronic Filing:

David Fadduol - david@df-lawfirm.com
Michael Carr - mcarr@carrcarr.com
*Attorneys for Plaintiffs*


*/s/ Monica R. Garcia*
Monica R. Garcia